*Patterson & Smyth*, for the county.

———•♦•———

DILTZ et. al. v. CHAMBERS.

2G 479<br>128 81

A writ is not served upon a party in the manner provided by statute by "leaving an attested copy at his place of residence with a member of the family over the age of fifteen years," unless the contents of the writ are stated.

It is error to render judgment by default, against a party unless he was legally served with process.

*Error to Cedar District Court.*

*Opinion by* KINNEY, J. Action of assumpsit brought by Chambers against Stockton and Diltz upon a promissory note calling for $220,00. A summons was issued upon which the sheriff made the following return. "Served the within on Peter Diltz on the 31st day of August, A. D. 1849, by leaving an attested copy at his place of residence with a member of the family over the age of

fifteen years. Served the within on James D. Stockton, by reading."

Stockton pleaded to the declaration and a judgment was rendered against Stockton, upon the issue joined and against Diltz by default. The defendants below sued out a writ of error, and the only error assigned necessary to consider is, that the court erred in rendering judgment against Peter Diltz by default, when there had not been any legal service upon him.

The statute provides " that all writs of summons issuing from any court of record in the territory, shall be served by reading to the defendant if found, and if not found by leaving a copy thereof attested by the officer serving the same at his dwelling house, or usual place of abode with some person of the family of fifteen years of age or upwards and stating the contents to said person." *Rev. Stat.* p. 475, § 30.

This is a plain statutory requirement. It directs the manner of serving a summons when the defendant shall not be found. It requires the officer to do two things, both of which are necessary to constitute the service, to wit: leaving a copy with some member of the family of the age of fifteen or upwards, and stating the contents of the summons to said person. If either of these is neglected the service is not complete. Stating the contents is as essentially a part of the service as leaving the copy. Neither can be dispensed with. When the statute points out the manner of service, the officer must follow its directions. It is the service which brings the defendant into court and unless the return shows the writ to have been served according to the statute, the defendant is not obliged to respond to it. The return of the officer should show a strict compliance with the law, as nothing will be presumed in its favor, when it appears that the requirements of the statute have not been observed. In this case, Diltz not having been legally served with process, he was not in default, and hence a judgment by default was improperly rendered against him.

The judgment against him is therefore reversed at the costs of the defendant in error, and the judgment against Stockton is affirmed.

*John P. Cook*, for plaintiffs in error.

*S. A. Bissell*, for defendant.